# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
| DIANA K. FEAGIN, | ) | CASE NO. 07-60754 |
|  | ) |  |
| Debtor. | ) | JUDGE RUSS KENDIG |
|  | ) |  |
|  | ) | **MEMORANDUM OF OPINION** |
|  | ) | **(NOT INTENDED FOR** |
|  | ) | **PUBLICATION)** |

This matter is before the court upon Debtor's motion for reconsideration of her application to waive the chapter 7 filing fee. On March 23, 2007, the court entered an order requesting Debtor file additional documentation to allow the court to fully assess her current financial condition. Debtor failed to file the additional documents by the deadline of April 20, 2007 and the court thus denied debtor's motion to waive the chapter 7 filing fee. Debtor filed a motion to reconsider on May 1, 2007 and attached the required additional documentation.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. section 1930(f), a "bankruptcy court may waive the filing fee...if the court determines that such individual has less than 150 percent of the income official poverty line...applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and waiver must be premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtor's income is 150 percent of the poverty level. On Schedule I and the Application, Debtor indicates that her family size is two. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07fedreg.htm., the poverty income for a family of two is $13,690.00. At 150 percent of poverty, the poverty income is $20,535.00 annually or $1,711.25 per month.

1

It is unclear whether Debtor meets this first requirement. The information provided by Debtor does not concretely establish her yearly income. According to her 2006 tax return, her yearly income is $18,150. However, the annualized current monthly income listed on Form B22A (the "means test") is $17,039.64. From the pay stubs submitted by Debtor, it appears her yearly income would be approximately $17,665. In any event, these numbers all fall below the 150 percent figure. However, there is also a question as to whether Debtor's substantial tax refund should be included in the yearly income figure. If so, even utilizing the lowest number provided by Debtor ($17,039.64), Debtor would be over the 150 percent limit, as the number including her tax refund would total $22,891.64.

Even if the court finds that Debtor meets the first requirement, she does not meet the second prong of the test, as she is able to pay the filing fee in installments. Although Debtor's budget is modest, her 2006 tax return shows the receipt of a $5,852.00 federal refund. Debtor filed her case on March 20, 2007 and, presumably, received her refund in the months surrounding her filing date. The filing fee of $299.00 represents approximately 5.1% of her tax refund, leaving a substantial remainder for other expenses. Therefore, Debtor has not demonstrated an inability to pay the filing fee in installments and therefore has not met the second prong of the analysis.

Upon review of the documents, the court hereby **DENIES** Debtor's motion to reconsider and application to waive the chapter 7 filing fee. Debtor shall be permitted to pay the filing fee in installments of $100.00 monthly until the fee is paid in full and may pay the amount in full anytime during the payment plan.[1] The first payment is due on **July 31, 2007**. If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to United States Bankruptcy Court, 201 Cleveland Ave., S.W., Canton, OH 44702. If paying in person, Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the Clerk's Office. Failure to pay the filing fee in accordance with this order will result in dismissal of the case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig
Judge Russ Kendig
U.S. Bankruptcy Judge   JUL 1 1 2007

---

1 The payment schedules is as follows:

| | |
|---|---|
| July 31, 2007: | $100.00 |
| August 30, 2007: | $100.00 |
| September 30, 2007: | $99.00 |

## Service List

Diana K. Feagin
703 John Street
Crestline, OH 44827

Robert Goldberger
13 Park Ave. W.
#300
Mansfield, OH 44902

Anthony DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland

3